RICHARDSON *et al. v.* STEVENS.

(*Supreme Court, General Term, Fifth Department.* June 22, 1889.)

CONVERSION—WHEN ACTION WILL LIE.

One who, by mutual mistake in the settlement of an account, innocently receives and cashes a check overpaying the amount due him, is not liable therefor in an action of tort for converting the check to his own use.

Appeal from Steuben county court.

Action by William Richardson and another against James H. Stevens, originally begun before a justice of the peace. The justice gave judgment for plaintiffs, and the county court affirmed the judgment on points of law. Defendant appeals.

Argued before BARKER, P. J., and DWIGHT and MACOMBER, JJ.

*A. W. Burrell,* for appellant. *F. H. Robinson,* for respondents.

MACOMBER, J. The complaint charged the defendant as follows: "That on or about the 11th day of August, 1886, defendant being in possession of a draft, check, or money, the property of the plaintiffs, which they were entitled to the immediate possession of, to the value of $20.08, wrongfully converted the same to his own use, disposed of the same, and appropriated the same and the proceeds thereof to his own use and benefit, to the plaintiffs' damage," etc. The evidence in the case is that the defendant had had for a number of years quite extensive dealings with plaintiffs by way of selling and delivering hemlock bark by wagon loads. In their course of dealings occasional settlements had been made, usually at the close of each year's delivery. The manner of settlement was by a comparison of the books of the respective parties, and an adjustment thereof. At this time, however, the defendant called for a settlement without having his books with him, stating that they were lost or mislaid, and a settlement was thereupon made wholly from the books of the plaintiffs, and under the statement of the plaintiff's book-keeper. The defendant appears to have been wholly ignorant of the actual condition of the accounts. This is rendered abundantly evident by the fact that many of the deliveries of the hemlock bark had been made in behalf of the defendant by a man by the name of Coats, running between the dates of June 5th and July 9th of that year. The several sums to which these different loads came to were not known to the defendant and were not fully reported to him by Coats, nor was the money, when payments were made to Coats, returned to

the defendant in all instances. For instance, on a delivery amounting to $12, Coats would report to the defendant that he had received a much smaller sum, say two or three dollars. In this statement of account, sworn to by Mr. Schant, one of the plaintiffs, of the eight loads delivered by Coats, two of them, amounting probably to about $12 each, were not paid to him nor to the defendant. Under these circumstances it cannot be said that at the time the defendant received the overpayment of $20.08 he did so knowingly, or with any intention of converting that amount of money to his own use. It was clearly a case of mutual mistake, and wholly without fault on the part of the defendant. The persons solely responsible for the error were the plaintiffs themselves. The case should have been brought, not for a tort or wrong, but for moneys had and received innocently by the defendant, and held by him to the use of the plaintiffs when called for. The case of *Agar* v. *Haines*, 11 N. Y. St. Rep. 644, to which our attention has been called by the respondent's counsel, has no application, because there it was shown that the defendant was guilty of a civil tort, and was liable for the conversion of the money, for the reason that when he received the second payment of a bill which had been once paid he had personal knowledge of the prior payment. The case before us, however, is devoid of any testimony which would justify the conclusion that the defendant had any knowledge, at the time he received the money, or when he received the check containing the overpayment, that he was obtaining anything which was not his own. The judgment of the county court, and that of the justice of the peace, should be reversed, with costs. All concur.